

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-22-2008

# Keszthelyi v. Fed Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3851

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Keszthelyi v. Fed Bur Prisons" (2008). *2008 Decisions.* Paper 507.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/507

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-108                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3851
_____

RUDOLPH P. KESZTHELYI,

v.

FEDERAL BUREAU OF PRISONS;
CORNELL COMPANY, INC.

(W.D. of PA. (Pittsuburgh) No. 06-cv-01425)


RUDOLPH P. KESZTHELYI

v.

FEDERAL BUREAU OF PRISONS;
CORNELL COMPNAY, INC.
JAMES E. HYMAN, C.E.O. of Cornell Co.;
HARVEY G. LAPPIN, Director of Federal Bureau of Prisons

(W.D. of PA. (Johnstown) No. 07-cv-00024J)

Rudolph P. Keszthelyi,

Appellant

_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-00024)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 17, 2008

Before: MCKEE, RENDELL and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 22, 2008)
_____

OPINION
_____

PER CURIAM

Rudolph P. Keszthelyi, a prisoner proceeding <u>pro</u> <u>se</u>, filed a civil rights complaint and a motion for a preliminary injunction in the United States District Court for the Western District of Pennsylvania, seeking an order directing the Bureau of Prisons to stop assigning Latino inmates to the Monmouth Valley Correctional Center ("MVCC") in Philipsburg, Pennsylvania because of the allegedly imminent danger of a race riot. In his amended complaint, Keszthelyi asserts that defendant prison officials have intentionally sent only Latino prisoners or African-Americans from Washington, D.C., and have refrained from sending "United States citizens who were white," knowing that the resulting racial imbalance at MVCC would create a "high likelihood of potential violence." Keszthelyi asserts that the resulting racial imbalance has produced violent assaults at MVCC, and that these assaults have caused Keszthelyi severe emotional

2

distress and have violated his constitutional rights. The Magistrate Judge recommended denying Keszthelyi's motion for a preliminary injunction, and, after reviewing Keszthelyi's objections, the District Court denied the motion. Keszthelyi timely appealed. For the reasons provided by the District Court, we will affirm.

We have jurisdiction under 28 U.S.C. § 1292(a)(1). Federal Rule of Civil Procedure 65 authorizes District Courts to grant preliminary injunctions. The party seeking a preliminary injunction has the burden of proving: (1) a likelihood of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in an even greater harm to the nonmoving party; and (4) that the public interest favors relief. Child Evangelism Fellowship of New Jersey, Inc. v. Stafford Twnshp. Sch. Dist., 386 F.3d 514, 524 (3d Cir. 2004) (internal citation omitted). Keszthelyi has not alleged any facts that would support the issuance of injunctive relief.

Keszthelyi asserts that an influx of Latino prisoners caused a previous race riot, which harmed him emotionally, and that he fears another such riot. However, Keszthelyi does not allege facts sufficient to show that an immediate halt in assigning Latino inmates is necessary to prevent an imminent race riot and that no other measures would ensure prisoner safety. See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) ("The preliminary injunction must be the *only* way of protecting the plaintiff from harm."). Thus, there is no basis for concluding that Keszthelyi will suffer irreparable harm in the absence of injunctive relief. Accordingly, we have concluded that the appeal presents no substantial question, and we will summarily affirm the District Court's order denying Keszthelyi's motion for a preliminary injunction.

3